IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GERALD MATEY,

       Plaintiff,

v.                                                 16cv451

**ELECTRONICALLY FILED**

COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY FAMILY
DIVISION ADULT SECTION,

       Defendant.

### MEMORANDUM ORDER

*Pro se* Plaintiff John Gerald Matey ("Plaintiff" or "Matey") initiated this action against the Court of Common Pleas of Allegheny County Family Division Adult Section (Defendant) by filing a Complaint on April 15, 2016. Doc. No. 1. In his Complaint, Plaintiff alleges that his property has been unreasonably seized "via the judicial system due to either gender bias or unethical conduct by the Defendant." Doc. No. 1 ¶ IV. He further alleges that garnishment of his wages by Defendant has thwarted his attempt to appeal a verdict reached against him by placing him "under financial duress." *Id.*

For the reasons that follow, the Court will dismiss Plaintiff's Complaint without prejudice, *sua sponte*, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and under the *Rooker-Feldman* doctrine which prohibits federal district courts from entertaining claims that have already been adjudicated in state court or that are inextricably intertwined with a state adjudication because the federal district court lacks subject-matter jurisdiction over such claims. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284-287 (2005) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 461 (1983)).

### I. Legal Standards

#### A. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required - - Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" - - but a complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Fed. R. Civ. P. 8(f), and *pro se* complaints should be construed liberally. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).

The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

After *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to analyze the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.
>
> *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The Court may not dismiss a complaint merely because it appears unlikely or improbable that the plaintiff can prove the facts alleged or will ultimately prevail on the merits, but the facts

alleged must raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the claim(s) asserted by the plaintiff. *Twombly*, 550 U.S. at 563 n.8; 556. In sum, a a complaint should be dismissed if the plaintiff fails to allege facts which could, if established at trial, entitle him to relief. *Id.*

### B. Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine prevents cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The Court of Appeals has found four requirements that must be met for the *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal citations omitted). If *Rooker-Feldman* applies, the district court is without jurisdiction to hear the case and it must be dismissed. *Id.*

## II. Analysis

Plaintiff's Complaint fails to provide the "who, what, and when" necessary to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Connelly v. Lane Const. Corp.*, 809 F. 3d 780 (3d Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). Instead, Plaintiff has set forth a very short statement comprised of legal conclusions. Conclusory statements are not to be presumed truthful by the Court when considering the sufficiency of a complaint on a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789-90 (3d Cir. 2016).

"[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Id.* at 790. Even construing Plaintiff's Complaint quite liberally, the Court is only able to determine that Plaintiff believes a state court verdict against him was entered because of "either gender bias or unethical conduct" by the state court. Doc. No. 1 ¶ IV. Plaintiff must do more than simply state legal conclusions to set forth plausible claims and avoid dismissal of his Complaint under Fed. R. Civ. P. 12(b)(6).

Further, based upon the allegations in the Complaint, it appears that Plaintiff seeks only to challenge a state court adjudication. Such a challenge in federal district court to a verdict or judgment rendered by a state court is foreclosed by the *Rooker-Feldman* doctrine. Plaintiff must assert an injury caused by Defendant's *actions* - - and must set forth sufficient factual allegations to establish a plausible claim for relief - - and may not simply challenge the state court verdict.

### III. Conclusion

Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. Plaintiff is hereby granted leave to file an amended complaint by May 9, 2016, but is cautioned that his amended complaint must set forth factual allegations regarding the specific conduct by Defendant which violated his rights and/or caused him injury, and must set forth a plausible claim, to avoid dismissal with prejudice. This case will be ADMINISTRATIVELY CLOSED until Plaintiff files an amended complaint.

SO ORDERED this 19th day of April, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge